UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ARIANNA SCOTT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:25-cv-00249-HAB-ALT |
| SWEETWATER SOUND INC., | ) ) ) |
| Defendant. | ) ) ) ) |

**OPINION AND ORDER**

On August 19, 2025, after *pro se* Plaintiff Arianna Scott failed to appear at the July 29, 2025, preliminary pretrial conference ("PPTC"), this Court ordered Scott to appear telephonically before the Court on August 28, 2025, to show cause why this case should not be summarily dismissed for her failure to prosecute it. (ECF 24, 26). Scott failed to appear at the show-cause hearing and PPTC. (ECF 27). Therefore, the undersigned Magistrate Judge recommends that Scott's claims be DISMISSED WITH PREJUDICE as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Federal Rule of Civil Procedure 41(b).

*A. Factual and Procedural Background*

On March 4, 2025, Scott filed a civil rights and Americans with Disabilities Act claim against her former employer, Defendant Sweetwater Sound Inc. (ECF 1). Magistrate Judge Susan Collins set the PPTC for July 29, 2025, at 2:00pm ET. (ECF 18, 20).[1] But the parties

---

[1] This case was transferred to this Court from the Southern District of Indiana by Judge Matthew P. Brookman on May 19, 2025, after Scott failed to demonstrate to Judge Brookman that her case satisfied a condition of venue under 42 U.S.C. Section 2000e–5(f)(3). (ECF 8, 9, 10, 11).

failed to timely file the report of parties' planning meeting pursuant to Federal Rule of Civil Procedure 26(f) (*see* ECF 18 ("Parties must file a proposed discovery plan under Fed. R. Civ. P. 26(f), **three business days** before the Preliminary Pretrial Conference . . . .")); therefore, the Court vacated and reset the PPTC for August 13, 2025, at 11:00am ET. (ECF 22).[2] A copy of the docket entry and Order resetting the PPTC was sent to Scott via U.S. Mail at her address of record. (*Id.*).

At the August 13, 2025, hearing, initially set as a PPTC, Defendant's counsel appeared, but Scott did not. (ECF 24). The Court indicated that a subsequent show-cause order would be entered. (*Id.*). On August 19, 2025, the Court set a show-cause hearing and PPTC for August 28, 2025, ordering Scott to appear telephonically. (ECF 26). The Order to Show Cause informed Scott that if she failed to timely appear for the show-cause hearing and PPTC sanctions might be issued, including dismissal of this lawsuit. (*Id.*). A copy of the Order to Show Cause was sent to Scott via U.S. Mail at her address of record. (*Id.*).

At the August 28, 2025, show-cause hearing and PPTC, Defendant's counsel appeared, but Scott—once again—did not. (ECF 27). The Court indicated that a report and recommendation to dismiss this lawsuit would follow. (*Id.*).

### B.  Applicable Law

Federal Rule of Civil Procedure 16(f)(1) provides that the Court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the Court to dismiss an

---

[2] This case was reassigned to the undersigned on July 7, 2025. (ECF 21).

action, in whole or part, as a sanction for failing to comply with a court order. The "ultimate sanction [of dismissal] is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Further, "[i]f the plaintiff fails to prosecute or to comply with . . . a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). Additionally, district courts have the authority to dismiss actions for failure to prosecute *sua sponte* as "an inherent power, governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citation and internal quotation marks omitted). That is, "[d]istrict courts have the power to control their dockets, and there comes a point when disregard of court rules and orders becomes so serious that sanctions, including dismissing a case *sua sponte,* are in order." *Alexander v. Casino Queen Inc.*, 321 F. App'x 509, 511 (7th Cir. 2009) (citations omitted).

"The sanction of dismissal is appropriate only in extreme situations when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *English v. Cowell,* 969 F.2d 465, 473 (7th Cir.1992) (citations and internal quotation marks omitted). "The criteria for sanctions under Rules 16(f), 37(b), and 41(b) are the same." *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (collecting cases).

### C. Discussion

Here, Scott has failed to appear at two Court proceedings wherein her attendance was ordered. (ECF 24, 27). This warrants sanctions under Rule 16(f)(1)(A) up to and including involuntary dismissal. *See Lucien*, 9 F.3d at 29 ("A determination that by disobeying [an order to

3

appear at a hearing] the plaintiff failed to prosecute his suit and that the suit should be dismissed with prejudice as a sanction for that failure is equivalent to a determination that the disobedience of such an order should be visited with the sanction of dismissal by the force of Rule 37(b) directly or as incorporated into Rule 16 . . . .").

Further, the undersigned Magistrate Judge finds that Scott's failures to appear when ordered is contumacious conduct warranting dismissal of this case pursuant to the Court's "inherent power" to manage its own affairs "so as to achieve the orderly and expeditious disposition" of this case. *James*, 417 F.3d at 681 (citation omitted); *see also Johnson v. Berrien Cnty. Mich.*, No. 3:19-cv-106 DRL-MGG, 2020 WL 5258261, at *1 (N.D. Ind. Sept. 3, 2020) ("After a record of repeated and unexcused noncompliance, and opportunities to be heard, the court's decision at this point is straightforward: this case is dismissed with prejudice . . . ."); *Renehan v. Soc. Sec. Admin.*, No. 1:19-cv-04643-JRS-TAB, 2020 WL 6681636, at *1 (S.D. Ind. Nov. 12, 2020) ("[T]he Court . . . finds that this matter should be dismissed without prejudice based on Plaintiff's failure to respond in any meaningful way to the two successive show cause orders requiring him to show that he had effected service on Defendants.").

Relatedly, the Seventh Circuit Court of Appeals has often required that fair notice be given to a party or its attorney before dismissal. *See Ball v. City of Chi.*, 2 F.3d 752, 755-56 (7th Cir. 1993). Here, the undersigned explicitly warned Scott in the Order to Show Cause that her claims may be dismissed if she failed to appear at the August 28, 2025, show-cause hearing and PPTC (ECF 26); *see Pouliot v. Bd. of Trs. of Univ. of Illinois,* No. 21-2735, 2025 WL 1275774, at *2 (7th Cir. May 2, 2025) ("We discern no abuse of discretion in the district court's decision to dismiss Pouliot's case . . . . [E]ven after the court . . . provided her due warning—a show-

4

cause order—that dismissal was imminent, she persisted in her dilatory behavior." (citations omitted)). As such, Scott has been adequately warned of the possibility of dismissal of this case.

### D. Conclusion

For the foregoing reasons, the undersigned Magistrate Judge *sua sponte* RECOMMENDS that Plaintiff Arianna Scott's claims be DISMISSED WITH PREJUDICE pursuant to Federal Rules of Civil Procedure 16(f)(1) and 41(b) and the Court's inherent power to manage its own affairs as a result of Scott's failure to attend two Court proceedings—including a show-cause hearing—or to otherwise prosecute her case. The Clerk is directed to send a copy of this Report and Recommendation to Scott at her last known address and to counsel of record.

NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 17th day of September 2025.

/s/ Andrew L. Teel
Andrew L. Teel
United States Magistrate Judge