UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ARIANNA SCOTT, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | Cause No. 1:25-CV-249-HAB-ALT |
| SWEETWATER SOUND, INC., | ) | |
| Defendant. | ) | |

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for an Order on the Magistrate Judge's Report and Recommendation ("R&R") in which Magistrate Judge Andrew L. Teel *sua sponte* recommends that the case be dismissed with prejudice as a sanction under Fed. R. Civ. P. 16(f)(1) and Fed. R. Civ. P. 41(b) for failure to prosecute. (ECF No. 28). The R&R was filed on September 17, 2025. The parties were advised of the 14-day objection period under Fed. R. Civ. P. 72(b). Plaintiff Arianna Scott timely filed an objection to the R&R on October 1, 2025. (ECF No. 29). Defendant Sweetwater Sound, Inc. ("Sweetwater") filed a response to the objection on October 14, 2025. (ECF No. 32). On November 3, 2025, Scott filed a reply and a request to strike Sweetwater's response. (ECF No. 33). For the below reasons, the Court overrules Scott's objections and adopts the R&R in full.

### I. Background

Scott filed her *pro se* complaint against Sweetwater on March 4, 2025, alleging violations of Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 and the Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117. (ECF No. 1). Magistrate Judge Susan Collins initially set the PPTC for July 29, 2025 (ECF Nos. 18, 20), but

when the parties failed to timely file the report required under Federal Rule of Civil Procedure 26(f), the Magistrate Judge vacated and reset the PPTC for August 13, 2025 (ECF No. 22).

At the August 13, 2025, hearing, Defendant's counsel appeared, but Scott did not. (ECF No. 24). The Court subsequently set a show-cause hearing and PPTC for August 28, 2025, ordering Scott to appear telephonically and warning Scott that involuntary dismissal of her claims was a potential consequence of her nonappearance. (ECF No. 26).  Scott did not attend the show-cause hearing. (ECF No. 27). The Court indicated that a report and recommendation to dismiss this lawsuit would follow. *Id.*

Magistrate Judge Teel then issued the instant R&R, finding that Scott's failure to appear at two Court proceedings wherein her attendance was ordered warranted dismissal under Federal Rules of Civil Procedure 37(b) and 41(b). Scott timely objected. She argues that she did not willfully disregard the Court's orders but rather failed to attend the proceedings because of "severe and ongoing medical emergencies" that required hospitalization. Obj. at 1. She also explains that she was out of town while undergoing treatment, which prevented her from retrieving and timely responding to mail and from traveling back to Indiana for hearings. *Id.* She attaches supporting documentation. *See* ECF No. 29-1.

In response, Sweetwater argues that Scott's objection and supporting documentation fail to demonstrate that she was medically unable to attend the proceedings she missed. *See* Resp. at 1-2. They also reference two unrelated cases in which Scott's complaints were dismissed due to her failure to comply with court orders. *Id.* at 2. In her reply, Scott reasserts that she missed the proceedings due to medical circumstances outside of her control, and requests that the Court strike both Sweetwater's references to the unrelated cases and Sweetwater's references to email correspondence pertaining to the case at hand.

**II.    Discussion**

When a party raises specific objections to findings and recommendations made within the magistrate judge's report, the district court is required to review those objections *de novo*, determining for itself whether the magistrate judge's decisions as to those issues are supported by substantial evidence or were the result of an error in law. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P 72(b)(3). See also *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999). The Court may, however, defer to those conclusions to which timely objections have not been raised by a party. *Schur v. L.A. Weight Loss Centers, Inc.*, 577 F.3d 752, 760-61 (7th Cir. 2009). "If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error. *Johnson*, 170 F.3d at 739.

Scott argues that the Court should not adopt the Magistrate Judge's recommendation because she experienced medical emergencies that prevented her from attending the proceedings or attending to her mail, and therefore dismissal is not warranted. *See* Obj. However, the Court agrees with Sweetwater in concluding that Scott fails to adequately support her contention that she was prevented from attending the Court proceedings due to circumstances outside of her control. The documentation Scott attaches to her objection covers four emergency room visits in three different states, occurring on July 6th, July 12th, July 21st, and August 4th. The missed hearings, however, were set for August 13th and August 28th.

In her reply, Scott asserts that she has mold poisoning, a condition which she states produces "varying and often unpredictable symptoms" that can "manifest intermittently." Reply at 1. She argues that "documentation establishes that Plaintiff was under active medical care during the relevant time period." *Id.* However, the documentation does not indicate "active medical care," and, while one of the visits notes "mold suspected exposure," there is not enough in these after-

3

visit documents to demonstrate a serious medical condition that would have caused her to miss Court proceedings weeks later without notice. And while it is possible that she was out of town on the hearing dates, because the hearings were held telephonically, travel outside of Indiana should not have prevented Scott from attendance.

The Court is further persuaded by Defendants' citation to email correspondence from August 1st, 5th, and 7th. *See* Resp. Ex. A; ECF No. 23-1. Scott argues that the Court should not consider this email correspondence, characterizing it as irrelevant because none of the emails reference the hearings at issue in the R&R. Reply at 2. The Court finds that the correspondence is relevant and appropriate for consideration here, as it sheds light on Scott's availability during the relevant time frame. Further, the email correspondence from August 5th and August 7th was already on the docket as an attachment to the Rule 26(f) Planning Meeting Report. *See* ECF No. 23-1.[1]

The Court finds that Scott has failed to provide sufficient evidence to demonstrate that a medical emergency prevented her from attending the Court proceedings on August 13, 2025, and August 28, 2025. The hospital records she provides do not cover the dates of the missed Court proceedings. The correspondence provided by Sweetwater demonstrates that, after the last hospital visit, Scott had access to the internet and the ability to communicate through email. Scott has not persuaded the Court that she could not have either attended a telephonic hearing or contacted the Court to provide notice if illness prevented her from doing so.

Scott includes an additional argument in her reply brief that "in the very emails the Defendant submitted, there is no mention Whatsoever of any scheduled hearing or court date for

---

[1] Scott also objects to Sweetwater's citation to dismissal orders in unrelated cases. Because the Court can decide this case without consideration of the unrelated cases, it need not reach this issue.

Plaintiff to attend, demonstrating that Plaintiff was not properly notified." Reply at 1. This argument is not well-taken. First, Scott does not explain why the emails should have mentioned the proceeding dates—or why their failure to do so would impact her notice. Second, Scott does not contend that she did not receive notice of the proceedings by mail. In her initial objection, she does state that she "was out of town while undergoing treatment and was unable to return to Atlanta to retrieve and timely respond to mail." Obj. at 1. But as explained above, even if Scott does mean to state that she did not receive notice of the proceedings by mail because she was out of town, the email correspondence provided by Sweetwater demonstrates that Scott did have access to the internet and could have checked the status of her case by viewing the docket. *Gilliland v. Fifth Third Mortg. Co.*, No. 1:14-CV-02054-SEB, 2015 WL 5785702, at *4 (S.D. Ind. Sept. 30, 2015) (noting that *pro se* plaintiffs have a responsibility to regularly check the docket).

For the above reasons, the Court adopts the Magistrate Judge's recommended disposition of the case. The Report and Recommendation (ECF No. 28) is ADOPTED IN ITS ENTIRETY. Scott's claims are DISMISSED WITH PREJUDICE. The Clerk is directed to enter final judgment against Scott and in favor of Sweetwater.

SO ORDERED on January 22, 2026.

    s/ Holly A. Brady_____
    CHIEF JUDGE HOLLY A. BRADY
    UNITED STATES DISTRICT COURT